## Rescom Tripp *versus* Mary Hathaway.

Where real estate was conveyed by a deed purporting to be an absolute conveyance, and the deed was recorded, and an action was brought against the grantee, for repairs made on such real estate, it was *held*, that parol evidence tending to show that the conveyance was in trust for a third person who received the rents and profits, and that the plaintiff knew this when the repairs were made, was admissible, for the purpose of showing that the credit for the repairs was given to such third person, by the plaintiff.

This was assumpsit for repairs made during the years 1827 and 1828, upon certain real estate conveyed by Thomas Brownell to the defendant, by deed dated September 11, 1820, and recorded at the same time.

At the trial, before *Putnam* J., the defendant contended, that the credit for the repairs was given to Waty Brownell.

The defendant, for the purpose of proving, that the real estate was conveyed to the defendant in trust for Waty Brownell, and that the plaintiff knew this, at the time when he performed the services, offered evidence showing, that the defendant and Waty lived together on the real estate ; that Waty had the entire management of the house and farm, and that

Tripp
*v.*
Hathaway.

the defendant paid her for her board ; that Waty paid for all the labor done on the farm, and received the rents and profits to her own use ; that the plaintiff boarded with Waty while he was making the repairs ; that it was generally reported in the neighbourhood, that the real estate was held in trust by the defendant ; that in October 1828, the defendant conveyed it to Waty, and that the consideration specified in the deed was the same as that in the deed from Thomas Brownell to the defendant ; and that after the commencement of this action, the plaintiff was married to Waty.

The plaintiff objected to the admission of this evidence , but it was ruled to be admissible.

The jury returned a verdict for the defendant.

If the evidence was not admissible, the verdict was to be set aside and a new trial granted.

*Oct. 22d.*  *Ezra Bassett*, for the plaintiff, cited *St.* 1783, *c.* 37, § 3 ; *Tucker* v. *Buffington*, 15 Mass. R. 477.

*Warren* and *A. Bassett*, for the defendant, were stopped by the Court.

*Oct. 24th.*  *Per Curiam.*  The only question is, to whom the credit was given.  The ownership of the estate is but one and a slight circumstance, to show to whom credit was given for repairs.  There is no legal presumption arising from the ownership, that the owner of the fee is liable for repairs. The liability of ship owners depends upon very different principles.  A ship is personal property, and the possession usually follows the title.  It depends also upon the maritime law, which to a considerable extent gives a lien for materials and repairs.  It is very clear, that the evidence was admissible, and was rightfully left to the jury.

*Judgment on the verdict.*